IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **HRGM CORPORATION et al.,** | * | |
| **Plaintiff,** | * | |
| v. | * | Case No.: 07-cv-1176 (JR) |
| **ATLANTIC MUTUAL INSURANCE COMPANY,** | * | |
| | * | |
| **Defendant.** | | |

* * * * * * * * * * * * * *

## ANSWER

Defendant, Atlantic Mutual Insurance Company, by its undersigned counsel, hereby answers the Complaint filed by Plaintiff, HRGM Corporation ("HRGM"), and states:

1. Defendant, Atlantic Mutual Insurance Company (hereinafter "Atlantic") is without knowledge sufficient to admit or deny the corporate status of HRGM. The remaining allegations of Paragraph 1 are denied.

2. The allegations set forth in Paragraph 2 of Plaintiffs' Complaint are admitted.

3. The allegations set forth in Paragraph 3 of Plaintiffs' Complaint are admitted.

4. Atlantic admits that its principal place of business is located in New Jersey. The remaining allegations of Paragraph 4 are denied.[1]

5. Atlantic is without knowledge sufficient to admit or deny the allegations of Paragraph 5 of Plaintiffs' Complaint. To the extent an answer to Paragraph 5 is required, Atlantic denies the allegations of Paragraph 5.

---

[1] Additionally, Plaintiffs have misnumbered a paragraph on page 2 of their Complaint which deals with jurisdiction on the Superior Court for the District of Columbia which Defendant denies because jurisdiction properly lies in this Court.

6. Atlantic is without knowledge sufficient to admit or deny the allegations of Paragraph 6 of Plaintiffs' Complaint. To the extent an answer to Paragraph 6 is required, Atlantic denies the allegations of Paragraph 6.

7. The allegations set forth in Paragraph 7 of Plaintiffs' Complaint are admitted.

8. Atlantic admits that it required HRGM to sign a General Agreement of Indemnity as consideration for the issuance of certain bonds. The remaining allegations of Paragraph 8 are denied.

9. The allegations set forth in Paragraph 9 of Plaintiffs' Complaint are denied.

10. Atlantic is without knowledge sufficient to admit or deny the allegations of Paragraph 6 of Plaintiffs' Complaint. To the extent an answer to Paragraph 10 is required, Atlantic denies the allegations of Paragraph 10.

11. Atlantic admits that certain subcontractors of HRGM demanded payment under bonds and commenced legal action. The remaining allegations of Paragraph 11 are denied.

12. The allegations set forth in Paragraph 12 of Plaintiffs' Complaint are denied.

13. Atlantic admits that it met with HRGM in the fall of 2004 to discuss bonded matters. Any characterization of the substance of those meetings in Paragraph 12 is denied.

14. Atlantic admits that the parties executed a Joint Control Trust Account Agreement (the "Trust Agreement"). However, the Trust Agreement is a legal document that speaks for itself and any characterization of the terms of that Trust Agreement is denied.

15. The allegations set forth in Paragraph 15 of Plaintiffs' Complaint are denied.

16. The Trust Agreement is a legal document that speaks for itself and any characterization of the terms of that Trust Agreement is denied.

17. The Trust Agreement is a legal document that speaks for itself and any characterization of the terms of that Trust Agreement is denied.

18. The Trust Agreement is a legal document that speaks for itself and any characterization of the terms of that Trust Agreement is denied.

19. The Trust Agreement is a legal document that speaks for itself and any characterization of the terms of that Trust Agreement is denied.

20. (misnumbered in Complaint as Paragraph 16 on p. 6). The Trust Agreement is a legal document that speaks for itself and any characterization of the terms of that Trust Agreement is denied

21. (misnumbered in Complaint as Paragraph 17 on pp 6-7). The Trust Agreement is a legal document that speaks for itself and any characterization of the terms of that Trust Agreement is denied.

22. (misnumbered in Complaint as Paragraph 20 on p. 7). Atlantic denies that the Trust Agreement provides for forbearance by Atlantic in connection with perfecting its security interest in the Annuity Account.

23. (misnumbered in Complaint as Paragraph 21 on pp. 7-8). The Trust Agreement is a legal document that speaks for itself and any characterization of the terms of that Trust Agreement is denied.

24. (misnumbered in Complaint as Paragraph 22 on p. 8). The allegations set forth in Paragraph 22 of Plaintiffs' Complaint are denied.

25. (misnumbered in Complaint as Paragraph 23 on p. 8). The allegations set forth in Paragraph 23 of Plaintiffs' Complaint are denied.

26. (misnumbered in Complaint as Paragraph 24 on p. 8). The allegations set forth in Paragraph 24 of Plaintiffs' Complaint are denied.

27. (misnumbered in Complaint as Paragraph 25 on p. 9). The allegations set forth in Paragraph 25 of Plaintiffs' Complaint are denied.

28. (misnumbered in Complaint as Paragraph 26 on p. 9). The allegations set forth in Paragraph 26 of Plaintiffs' Complaint are denied.

29. (misnumbered in Complaint as Paragraph 27 on p. 9). Atlantic admits that HRGM raised the possibility of meeting to discuss a potential resolution of the Trust Agreement. The remaining allegations of Paragraph 27 are denied.

30. (misnumbered in Complaint as Paragraph 28 on p. 9). Atlantic admits that the parties met in February 2006. The remaining allegations of Paragraph 28 are denied.

31. (misnumbered in Complaint as Paragraph 29 on pp. 9-10). The allegations set forth in Paragraph 29 of Plaintiffs' Complaint are denied.

32. (misnumbered in Complaint as Paragraph 30 on p. 10). The allegations set forth in Paragraph 30 of Plaintiffs' Complaint are denied.

33. (misnumbered in Complaint as Paragraph 31 on p. 10). The allegations set forth in Paragraph 31 of Plaintiffs' Complaint are denied.

34. (misnumbered in Complaint as Paragraph 32 on p. 10). The allegations set forth in Paragraph 32 of Plaintiffs' Complaint are denied.

35. (misnumbered in Complaint as Paragraph 33 on pp. 10-11). The allegations set forth in Paragraph 33 of Plaintiffs' Complaint are admitted.

36. (misnumbered in Complaint as Paragraph 34 on p. 11). The allegations set forth in Paragraph 34 of Plaintiffs' Complaint are denied.

37. (misnumbered in Complaint as Paragraph 35 on p. 11). The allegations set forth in Paragraph 35 of Plaintiffs' Complaint are denied.

38. (misnumbered in Complaint as Paragraph 36 on pp. 11-12). The allegations set forth in Paragraph 36 of Plaintiffs' Complaint are denied.

39. (misnumbered in Complaint as Paragraph 37 on p. 12). The allegations set forth in Paragraph 37 of Plaintiffs' Complaint are denied.

40. (misnumbered in Complaint as Paragraph 38 on p. 12). The allegations set forth in Paragraph 38 of Plaintiffs' Complaint are denied.

41. (misnumbered in Complaint as Paragraph 39 on p. 13). The allegations set forth in Paragraph 39 of Plaintiffs' Complaint are denied.

42. (misnumbered in Complaint as Paragraph 40 on p. 13). The allegations set forth in Paragraph 40 of Plaintiffs' Complaint are denied.

43. (misnumbered in Complaint as Paragraph 41 on p. 13). The allegations set forth in Paragraph 41 of Plaintiffs' Complaint are denied.

44. (misnumbered in Complaint as Paragraph 42 on pp. 13-14). The allegations set forth in Paragraph 42 of Plaintiffs' Complaint are denied.

45. (misnumbered in Complaint as Paragraph 43 on p. 14). The allegations set forth in Paragraph 43 of Plaintiffs' Complaint are denied.

46. (misnumbered in Complaint as Paragraph 44 on p. 14). The allegations set forth in Paragraph 44 of Plaintiffs' Complaint are denied.

47. (misnumbered in Complaint as Paragraph 45 on p. 14). The allegations set forth in Paragraph 45 of Plaintiffs' Complaint are denied.

48. (misnumbered in Complaint as Paragraph 46 on p. 14). The allegations set forth in Paragraph 46 of Plaintiffs' Complaint are admitted.

49. (misnumbered in Complaint as Paragraph 47 on p. 14). The allegations set forth in Paragraph 47 of Plaintiffs' Complaint are denied.

## COUNT I - Declaratory Judgment

50.     (misnumbered in Complaint as Paragraph 48 on p. 15).     Paragraph 48 simply restates the allegations set forth in Paragraphs 1-47 and no response thereto is necessary. However, to the extent a response is necessary, the allegations of Paragraph 48 are denied.

51.     (misnumbered in Complaint as Paragraph 49 on p. 15).     The allegations set forth in paragraph 49 are admitted.

52.     (misnumbered in Complaint as Paragraph 50 on p. 15).     The allegations set forth in Paragraph 50 of Plaintiffs' Complaint are denied.

53.     (misnumbered in Complaint as Paragraph 51 on p. 15).     The allegations set forth in Paragraph 51 of Plaintiffs' Complaint are denied.

54.     (misnumbered in Complaint as Paragraph 52 on p. 15).     Paragraph 52 states a legal conclusion; therefore no response is necessary.  To the extent a response is necessary, the allegations set forth in  Paragraph 52 are denied.

55.     (misnumbered in Complaint as Paragraph 53 on p. 16).     The allegations set forth in Paragraph 53 of Plaintiffs' Complaint are denied.

## COUNT II - Breach of Contract and Fiduciary Duty

56.     (misnumbered in Complaint as Paragraph 54 on p. 18).     Paragraph 54 simply restates the allegations set forth in Paragraphs 1-47 and no response thereto is necessary. However, to the extent a response is necessary, the allegations of Paragraph 54 are denied.

57.     (misnumbered in Complaint as Paragraph 55 on p. 18).     The allegations set forth in Paragraph 55 of Plaintiffs' Complaint are admitted.

58.     (misnumbered in Complaint as Paragraph 56 on p. 18).     The Trust Agreement is a legal document that speaks for itself.  To the extent that a further response is necessary, the allegations set forth in Paragraph 56 of Plaintiffs' Complaint are denied.

59. (misnumbered in Complaint as Paragraph 57 on p. 18). The Trust Agreement is a legal document that speaks for itself. To the extent that a further response is necessary, the allegations set forth in Paragraph 57 of Plaintiffs' Complaint are denied.

60. (misnumbered in Complaint as Paragraph 58 on p. 18). The allegations set forth in Paragraph 58 of Plaintiffs' Complaint are denied.

61. (misnumbered in Complaint as Paragraph 59 on p. 18). Paragraph 59 states a legal conclusion; therefore no response is necessary. To the extent a response is necessary, the allegations set forth in Paragraph 59 of Plaintiffs' Complaint are denied.

62. (misnumbered in Complaint as Paragraph 60 on p. 20). Paragraph 60 states a legal conclusion; therefore, no response is necessary. To the extent a response is necessary, the allegations set forth in Paragraph 60 of Plaintiffs' Complaint are denied.

63. (misnumbered in Complaint as Paragraph 61 on p. 20). Paragraph 61 states a legal conclusion; therefore, no response is necessary. To the extent a response is necessary, the allegations set forth in Paragraph 61 of Plaintiffs' Complaint are denied.

64. (misnumbered in Complaint as Paragraph 62 on p. 20). The allegations set forth in Paragraph 62 of Plaintiffs' Complaint are denied.

### COUNT III – Accounting

65. Atlantic is perplexed as to what exactly Plaintiffs have asserted in Count III of the Complaint (Paragraphs 63 through 69 as misnumbered in Complaint on pp. 20-21). To Atlantic's knowledge, the allegations set forth in Count III do not constitute a recognized cause of action in the District of Columbia and Count III, therefore, should be dismissed. Further, Plaintiffs' request for information as set forth in Count III is inappropriate because such information is more properly sought in discovery. To the extent a response is necessary, the allegations set forth in Paragraphs 63 through 69 are denied.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Defendant denies the capacity and/or standing of HRGM to sue.

### THIRD DEFENSE

Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

### FOURTH DEFENSE

Plaintiffs' claims are barred by its assumption of risk.

### FIFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel and collateral estoppel.

### SIXTH DEFENSE

Plaintiffs' claims are barred by its contributory negligence.

### SEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and release.

### NINTH DEFENSE

Plaintiffs' claims are barred by its failure to comply with the requirements of its contracts with Defendant.

### TENTH DEFENSE

Plaintiffs' claims are barred due to the Plaintiffs' own failures, and not by any failures on the part of Defendant.

### ELEVENTH DEFENSE

Plaintiff exacerbated rather than mitigated its damages.

## TWELFTH DEFENSE

Defendant hereby reserves the right to avail itself of any additional defenses provided by the Federal Rules of Civil Procedure or the law of the District of Columbia, as well as any defenses that may be developed through discovery in this case.

Respectfully submitted,

Niles, Barton & Wilmer LLP

_____/s/_____
Craig D. Roswell
Bar Number: 433406
cdroswell@niles-law.com
Brett A. Buckwalter
Bar Number: 478382
babuckwalter@niles-law.com
111 South Calvert Street, Suite 1400
Baltimore, MD 21202
410-783-6300
Facsimile 410-783-6363
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of July, 2007, a copy of the foregoing Notice of Removal was electronically filed via the U.S. District Court for the District of Columbia's electronic case management system and served via first class mail, postage pre-paid to:

Craig A. Holman
Arnold & Porter, LLP
555 12th Street, N.W.
Washington, D.C. 20004
*Attorney for Plaintiffs*

_____/s/_____
Craig D. Roswell

ND: 4839-6977-1521, v. 1