THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HRGM CORPORATION, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-01176-JR |
| ) | |
| ATLANTIC MUTUAL INSURANCE ) | |
| COMPANY ) | |
| ) | |
| Defendant. ) | |

**RULE 16.3 REPORT**

On August 2, 2007, counsel for the parties in the above-styled action met and conferred telephonically pursuant to Fed. R. Civ. P. 16 and 26(f) and LCvR 16.3.

This case involves a dispute concerning a Joint Control Trust Account Agreement ("Agreement") between Atlantic, HRGM and the Butanis. HRGM and the Butanis contend that Atlantic has failed to comply with the terms of the Agreement and has wrongly demanded that HRGM or the Butanis pay Atlantic more than $2 million under that Agreement. HRGM and the Butanis seek: (i) a declaratory judgment defining the parties' rights and obligations under the Agreement; (ii) damages arising from Atlantic's breach of the Agreement and its fiduciary duties to HRGM and the Butanis; and (iii) an accounting.

HRGM filed its Complaint on May 8, 2007 in the District of Columbia Superior Court. On July 2, 2007, Atlantic removed the case to this Court. On July 25, 2007, Atlantic filed a counterclaim against HRGM and the Butanis. The counterclaim seeks recovery under a General Agreement of Indemnity signed by Atlantic, HRGM and the Butanis of damages in excess of $3.2 million incurred by Atlantic as a result of issuing performance and payment bonds on behalf of HRGM.

The following summarizes the parties' positions with respect to the issues identified in LCvR 16.3(c).

(1) <u>Case Tracking Category and Dispositive Motions</u>:

The parties agree to submit the case on the standard track. Both parties agree that the case is unlikely to be resolved by dispositive motions because it is based upon a number of material facts in dispute.

(2) <u>Joinder of Other Parties, Amended Pleadings, Narrowing Issues</u>:

The parties agree that the deadline for parties to join other parties or amend its pleadings, without leave of the court, should be August 24, 2007.

(3) <u>Assignment to Magistrate</u>:

The parties do not agree to assign this case to a magistrate for trial at this time. However, the parties agree that potential discovery disputes or settlement negotiations may be referred to a magistrate.

(4) <u>Possibility of Settlement</u>:

The parties engaged in extensive negotiations before HRGM filed its Complaint. The parties' inability to reach agreement as a result of those negotiations was the genesis of HRGM's request for relief. Both parties, however, agree that settlement is possible and will continue to assess the prospect of settlement as the case progresses.

(5) <u>Alternative Dispute Resolution (ADR)</u>:

In view of their position regarding settlement, the parties agree that ADR may be appropriate in this case. The parties, however, do not wish to suspend the discovery to proceed with ADR and believe that ADR will only be helpful to the extent that it focuses on the relative merits of the parties' claim, and not merely their desire to settle.

(6) <u>Summary Judgment, Dispositive Motions, Etc.</u>:

As set forth in Section (1) *supra*, both parties agree that the issues in this case are fact intensive and unlikely to be resolved by dispositive motions.

(7) <u>Initial Disclosures:</u>

The parties agree to waive the initial disclosures required under Fed. R. Civ. P. 26(a)(1).

(8) <u>Discovery:</u>

The parties agree to allow six (6) non-expert depositions per each side and twenty-five interrogatories by each party. The parties also agree to allow unlimited document production requests and unlimited requests for admission with the understanding that the number of requests sought by a given party is reasonable. Notwithstanding the foregoing, the parties reserve the right to seek more depositions, if necessary. The parties also reserve the right to request that a protective order be entered in the case. The parties request a non-expert discovery deadline of January 15, 2008.

(9) <u>Expert Witness Reports:</u>

Although the parties have not conclusively determined whether experts are necessary, they do anticipate naming at least one expert each. If experts are needed, the parties agree to produce expert witness reports in accordance with Fed. R. Civ. P. 26(a)(2). The parties propose that the proponent's expert reports be due 30 days after the close of non-expert discovery, and the opponent's expert reports be due 60 days after the close of non-expert discovery. The parties also propose that all expert depositions be completed within 90 days after the close of non-expert discovery.

(10)   Class Action:

The parties agree that this provision is not applicable.

(11)   Bifurcation:

The parties agree that this case should not be bifurcated.

(12)   Pretrial:

The parties propose that the pretrial conference be held in early June 2008 if expert discovery is required. If expert discovery is not required, the parties propose that the pretrial conference be held in early March 2008.

(13)   Trial Date:

The parties agree that the Court need not set a firm trial date at this time and that the trial should be held 30 to 60 days after the pretrial conference.

Dated: August 7, 2007.

                                            Respectfully submitted,

                                            /s/ Cameron W. Fogle
Craig A. Holman (D.C. Bar No. 447852)
Cameron W. Fogle (D.C. Bar No. 473380)
ARNOLD & PORTER, LLP
55 Twelfth Street, N.W.
Washington, D.C. 20004
Tel: (202) 942-5000/Fax: (202) 942-5722

*Counsel for HRGM Corporation and Ramesh Butani and Hansa Butani*

                                            /s/ Craig D. Roswell
Craig D. Roswell (D.C. Bar No. 433406)
Niles, Barton & Wilmer, LLP
111 South Calvert Street, Suite 1400
Baltimore, MD 21202
Phone: (410) 783-6300/Fax: (410) 783-6363

*Counsel for Atlantic Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of Rule 16.3 Report to be served by e-mail this 7th day of August 2007 on:

Craig D. Roswell
Niles, Barton & Wilmer, LLP
111 South Calvert Street
Suite 1400
Baltimore, MD 21202

/s/ Cameron W. Fogle
Cameron W. Fogle