THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HRGM CORPORATION, et al. ) | |
| ) | |
|    Plaintiffs/Counter-Defendants, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-01176-JR |
| ) | |
| ATLANTIC MUTUAL INSURANCE ) | **JURY TRIAL DEMANDED** |
| COMPANY, ) | |
| ) | |
|    Defendant/Counter-Plaintiff. ) | |

## ANSWER

Plaintiffs/Counter-Defendants HRGM Corporation ("HRGM"), Ramesh Butani and Hansa Butani, by their undersigned counsel, hereby answer the Counterclaim filed by Defendant/Counter-Plaintiff Atlantic Mutual Insurance Company ("Atlantic").

## FIRST DEFENSE

Answering each of the numbered paragraphs of the Counterclaim, Plaintiffs/Counter-Defendants state as follows:

## PARTIES

1. Admitted.

2. Plaintiffs/Counter-Defendants admit that HRGM's principal place of business is in the District of Columbia. Plaintiffs/Counter-Defendants deny that HRGM is incorporated in the District of Columbia.

3. Admitted.

4. Admitted.

## JURISDICTION AND VENUE

5. Admitted.

1

## BACKGROUND

### A. THE INDEMNITY AGREEMENT

6. Admitted.

7. Plaintiffs/Counter-Defendants admit that in connection with surety bonds that Atlantic issued, HRGM, by its President Ramesh Butani, Ramesh Butani individually, and Hansa Butani individually, executed a General Agreement of Indemnity ("GAI") with Atlantic. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

8. Plaintiffs/Counter-Defendants admit that they executed an Agreement of Indemnity. The Agreement speaks for itself. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

9. Plaintiffs/Counter-Defendants admit that Atlantic executed performance and payment bonds for a number of HRGM construction projects. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

### B. THE BONDS

10. Plaintiffs/Counter-Defendants admit that Atlantic executed certain performance and payment bonds. The performance and payment bonds speak for themselves. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

11. Plaintiffs/Counter-Defendants admit that Atlantic executed certain performance and payment bonds. The performance and payment bonds speak for themselves. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

**C.     JOINT TRUST ACCOUNT AGREEMENT**

12.     Plaintiffs/Counter-Defendants admit that claims were made on performance and payment bonds issued to HRGM.  Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

13.     Plaintiffs/Counter-Defendants admit that performance or payment bond claims were made on HRGM projects for which Atlantic had issued bonds.  Plaintiffs/Counter-Defendants state that such claims speak for themselves.  Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

14.     Plaintiffs/Counter-Defendants admit that performance or payment bond claims were made on HRGM projects for which Atlantic had issued bonds.  Plaintiffs/Counter-Defendants state that such claims speak for themselves.  Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

15.     Plaintiffs/Counter-Defendants admit that HRGM and Atlantic agreed to cooperate to resolve the performance and payment bonds claims.  Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

16.     Plaintiffs/Counter-Defendants admit that they entered into a Joint Control Trust Account Agreement ("Trust Agreement") with Atlantic.  Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

17.     Plaintiffs/Counter-Defendants admit that the Trust Agreement contains provisions regarding contract proceeds received from bonded projects and dispersal of funds needed to pay subcontractors, suppliers and other contract expenditures.  The Trust Agreement speaks for itself.  Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

18. Plaintiffs/Counter-Defendants admit that the Trust Agreement and GAI were secured by collateral pledged by both HRGM and the Butanis, and that Trust Agreement required Atlantic to release collateral when it became over-secured. The Trust Agreement speaks for itself. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

19. Plaintiffs/Counter-Defendants admit that the Trust Agreement contains provisions regarding the procedures by which HRGM would pay Atlantic for funds that Atlantic advanced. The Trust Agreement speaks for itself. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

20. Plaintiffs/Counter-Defendants admit that under the Trust Agreement, there was a period during which Atlantic was prohibited from demanding indemnification and HRGM was not required to pay any money to Atlantic. The Trust Agreement speaks for itself. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

21. Plaintiffs/Counter-Defendants admit that the Trust Agreement provided that HRGM would begin reimbursing Atlantic (in payments spread out over two years) on January 2, 2007 provided certain other conditions occurred. The Trust Agreement speaks for itself. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

22. Plaintiffs/Counter-Defendants admit that on or about January 23, 2007, Atlantic sent a letter to Plaintiffs/Counter-Defendants and their counsel asserting that Plaintiffs/Counter-Defendants were in default under the Trust Agreement. The letter speaks for itself. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

23. Plaintiffs/Counter-Defendants admit that Atlantic committed not to proceed against Plaintiffs/Counter-Defendants' collateral while Plaintiffs/Counter-Defendants and Atlantic attempted to settle their disputes regarding the Trust Agreement. Plaintiffs/Counter-

Defendants further admit that counsel for the parties agreed that Atlantic would not need to issue a new Notice of Default if the settlement negotiations concerning the Trust Agreement failed. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

## COUNT I
### (Breach of General Agreement of Indemnity)

24. Plaintiffs/Counter-Defendants re-allege and incorporate by reference all of the responses contained in Paragraphs 1 through 23, above.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

WHEREFORE, Plaintiffs/Counter-Defendants respectfully request that the Court enter judgment in favor of Plaintiffs/Counter-Defendants on Counterclaim I and deny Atlantic's request for relief.

## COUNT II
### (Breach of Joint Control Trust Agreement)

35. Plaintiffs/Counter-Defendants re-allege and incorporate by reference all of the responses contained in Paragraphs 1 through 34, above.

36. Plaintiffs/Counter-Defendants admit that the Trust Agreement provided that HRGM would begin reimbursing Atlantic (in payments spread out over two years) for amounts properly due on January 2, 2007 provided certain conditions existed. The Trust Agreement speaks for itself. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

37. Denied.

38. Denied.

WHEREFORE, Plaintiffs/Counter-Defendants respectfully request that the Court deny Atlantic's request for relief.

## COUNT III
### (Equitable Subrogation)

39. Plaintiffs/Counter-Defendants re-allege and incorporate by reference all of the responses contained in Paragraphs 1 through 38, above.

40. Denied.

41. Denied.

WHEREFORE, Plaintiffs/Counter-Defendants respectfully request that the Court deny Atlantic's request for relief.

All allegations not expressly admitted are hereby denied.

## SECOND DEFENSE
### (Waiver)

Atlantic waived its right to seek reimbursement from Plaintiffs/Counter-Defendants of certain funds by failing to comply with the terms of the GAI and/or the Trust Agreement.

## THIRD DEFENSE
### (Estoppel)

Atlantic is estopped from seeking reimbursement from Plaintiffs/Counter-Defendants of certain funds that Atlantic incurred as a result of negligence on the part of Atlantic or its agents.

## FOURTH DEFENSE
### (Setoff)

Atlantic's claims are subject in whole or in part to setoff.

## FIFTH DEFENSE
### (Laches/Statute of Limitations)

Atlantic's claims are barred in whole or in part to by applicable statutes of limitations or the doctrine of laches.

## SIXTH DEFENSE
### (Conditions Precedent)

Plaintiffs/Counter-Defendants assert that Atlantic has failed to satisfy conditions precedent to bringing its counterclaim (e.g., the timely provision of alleged charges, the maintenance of an appropriate account and provision of a proper accounting, the proper handling of trust funds, etc.)

## SEVENTH DEFENSE
### (Prior Breach and Unclean Hands)

Plaintiffs/Counter-Defendants assert that Atlantic's action is barred in whole or in part by its prior breaches and unclean hands as more fully set forth in the Complaint.

Plaintiffs/Counter-Defendants reserve the right to supplement these defenses as discovery uncovers other possible defenses. Plaintiffs/Counter-Defendants deny all allegations of the Counterclaim.

## JURY TRIAL DEMAND ON COUNTERCLAIM

Plaintiffs/Counter-Defendants hereby assert their demand for a jury trial on all Counterclaim issues so triable. (Plaintiffs/Counter-Defendants previously timely asserted and reaffirm their right to a jury trial on all Complaint issues so triable.)

Dated:  August 14, 2007

                                                Respectfully submitted,

                                                /s/ Cameron W. Fogle
                                          Craig A. Holman (D.C. Bar No. 447852)
                                          Cameron W. Fogle (D.C. Bar No. 473380)
                                          ARNOLD & PORTER, LLP
                                          55 Twelfth Street, N.W.
                                          Washington, D.C.  20004
                                          Tel: (202) 942-5000/Fax: (202) 942-5722

                                          *Counsel for HRGM Corporation and*
                                          *Ramesh Butani and Hansa Butani*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the Answer to be served by e- mail this 14th day of August 2007 on:

Craig D. Roswell
Niles, Barton & Wilmer, LLP
111 South Calvert Street
Suite 1400
Baltimore, Maryland 21202

    /s/ Cameron W. Fogle
    Cameron W. Fogle