THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HRGM CORPORATION, et al. )<br>)<br>Plaintiffs/Counter-Defendants, )<br>)<br>v. )<br>)<br>ATLANTIC MUTUAL INSURANCE )<br>COMPANY, )<br>)<br>Defendant/Counter-Plaintiff. ) | Case No.  1:07-cv-01176-JR<br><br>**JURY TRIAL DEMANDED** |

### FIRST AMENDED ANSWER TO COUNTERCLAIM

Plaintiffs/Counter-Defendants HRGM Corporation ("HRGM"), Ramesh Butani, and Hansa Butani, by their undersigned counsel, hereby answer the Counterclaim filed by Defendant/Counter-Plaintiff Atlantic Mutual Insurance Company ("Atlantic").

### FIRST DEFENSE

Answering each of the numbered paragraphs of the Counterclaim, Plaintiffs/Counter-Defendants state as follows:

### PARTIES

1. Admitted.

2. Plaintiffs/Counter-Defendants admit that HRGM's principal place of business is in the District of Columbia. Plaintiffs/Counter-Defendants deny that HRGM is incorporated in the District of Columbia.

3. Admitted.

4. Admitted.

### JURISDICTION AND VENUE

5. Admitted.

## BACKGROUND

### A.   THE INDEMNITY AGREEMENT

6.   Admitted.

7.   Plaintiffs/Counter-Defendants admit that in connection with surety bonds that Atlantic issued, HRGM, by its President Ramesh Butani, Ramesh Butani individually, and Hansa Butani individually, executed a General Agreement of Indemnity ("GAI") with Atlantic. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

8.   Plaintiffs/Counter-Defendants admit that they executed a GAI.  The Agreement speaks for itself.  Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

9.   Plaintiffs/Counter-Defendants admit that Atlantic executed performance and payment bonds for a number of HRGM construction projects.  Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

### B.   THE BONDS

10.   Plaintiffs/Counter-Defendants admit that Atlantic executed certain performance and payment bonds.  The performance and payment bonds speak for themselves. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

11.   Plaintiffs/Counter-Defendants admit that Atlantic executed certain performance and payment bonds.  The performance and payment bonds speak for themselves. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

    **C.**    **JOINT TRUST ACCOUNT AGREEMENT**

    12.    Plaintiffs/Counter-Defendants admit that claims were made on performance and payment bonds issued to HRGM. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

    13.    Plaintiffs/Counter-Defendants admit that performance or payment bond claims were made on HRGM projects for which Atlantic had issued bonds. Plaintiffs/Counter-Defendants state that such claims speak for themselves. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

    14.    Plaintiffs/Counter-Defendants admit that performance or payment bond claims were made on HRGM projects for which Atlantic had issued bonds. Plaintiffs/Counter-Defendants state that such claims speak for themselves. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

    15.    Plaintiffs/Counter-Defendants admit that HRGM and Atlantic agreed to cooperate to resolve the performance and payment bonds claims. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

    16.    Plaintiffs/Counter-Defendants admit that they entered into a Joint Control Trust Account Agreement ("Trust Agreement") with Atlantic. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

    17.    Plaintiffs/Counter-Defendants admit that the Trust Agreement contains provisions regarding contract proceeds received from bonded projects and dispersal of funds needed to pay subcontractors, suppliers and other contract expenditures. The Trust Agreement speaks for itself. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

18. Plaintiffs/Counter-Defendants admit that the Trust Agreement and GAI were secured by collateral pledged by both HRGM and the Butanis, and that the Trust Agreement required Atlantic to release collateral when it became over-secured. The Trust Agreement speaks for itself. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

19. Plaintiffs/Counter-Defendants admit that the Trust Agreement contains provisions regarding the procedures by which HRGM would pay Atlantic for funds that Atlantic advanced. The Trust Agreement speaks for itself. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

20. Plaintiffs/Counter-Defendants admit that under the Trust Agreement, there was a period during which Atlantic was prohibited from demanding indemnification and HRGM was not required to pay any money to Atlantic. The Trust Agreement speaks for itself. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

21. Plaintiffs/Counter-Defendants admit that the Trust Agreement provided that HRGM would begin reimbursing Atlantic (in payments spread out over two years) on January 2, 2007 provided certain other conditions occurred. The Trust Agreement speaks for itself. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

22. Plaintiffs/Counter-Defendants admit that on or about January 23, 2007, Atlantic sent a letter to Plaintiffs/Counter-Defendants and their counsel asserting that Plaintiffs/Counter-Defendants were in default under the Trust Agreement. The letter speaks for itself. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

23. Plaintiffs/Counter-Defendants admit that Atlantic committed not to proceed against Plaintiffs/Counter-Defendants' collateral while Plaintiffs/Counter-Defendants and Atlantic attempted to settle their disputes regarding the Trust Agreement. Plaintiffs/Counter-

Defendants further admit that counsel for the parties agreed that Atlantic would not need to issue a new Notice of Default if the settlement negotiations concerning the Trust Agreement failed. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

## COUNT I
### (Breach of General Agreement of Indemnity)

24. Plaintiffs/Counter-Defendants re-allege and incorporate by reference all of the responses contained in Paragraphs 1 through 23, above.

25. Denied.

26. Denied.

27. Denied.

28. Plaintiffs/Counter-Defendants admit that Atlantic agreed to provide HRGM with a credit against any amounts incurred by Atlantic and claimed as due from Plaintiffs/Counter-Defendants. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

WHEREFORE, Plaintiffs/Counter-Defendants respectfully request that the Court enter judgment in favor of Plaintiffs/Counter-Defendants on Counterclaim I and deny Atlantic's request for relief.

## COUNT II
### (Breach of Joint Control Trust Agreement)

35. Plaintiffs/Counter-Defendants re-allege and incorporate by reference all of the responses contained in Paragraphs 1 through 34, above.

36. Plaintiffs/Counter-Defendants admit that the Trust Agreement provided that HRGM would begin reimbursing Atlantic (in payments spread out over two years) for amounts properly due on January 2, 2007 provided certain conditions existed. The Trust Agreement speaks for itself. Plaintiffs/Counter-Defendants deny all other allegations in this paragraph.

37. Denied.

38. Denied.

WHEREFORE, Plaintiffs/Counter-Defendants respectfully request that the Court deny Atlantic's request for relief.

## COUNT III
### (Equitable Subrogation)

39. Plaintiffs/Counter-Defendants re-allege and incorporate by reference all of the responses contained in Paragraphs 1 through 38, above.

40. Denied.

41. Denied.

WHEREFORE, Plaintiffs/Counter-Defendants respectfully request that the Court deny Atlantic's request for relief.

All allegations not expressly admitted are hereby denied.

## SECOND DEFENSE
### (Waiver/Release)

Atlantic waived and/or released its right to seek reimbursement from Plaintiffs/Counter-Defendants of some or all of the amounts for which it now apparently seeks reimbursement by

6

failing to comply with the terms of the GAI and/or the Trust Agreement and through various settlement agreements (including, but not necessarily limited to, the Pleasants-HRGM-Atlantic settlement agreement dated December 2004 and the Allglass-HRGM-Atlantic settlement agreement dated December 2004).

### THIRD DEFENSE
### (Accord and Satisfaction)

A prior accord and satisfaction occurred through certain agreements (e.g., the Pleasants-HRGM-Atlantic settlement agreement dated December 2004 and the Allglass-HRGM-Atlantic settlement agreement dated December 2004) with respect to some or all of the amounts claimed by Atlantic.

### FOURTH DEFENSE
### (Estoppel)

Atlantic is estopped or barred from seeking reimbursement from Plaintiffs/Counter-Defendants of certain funds that Atlantic incurred as a result of negligence on the part of Atlantic or its agents and of certain amounts for which Atlantic failed to timely provide notice and for which it did not properly account.

### FIFTH DEFENSE
### (Setoff)

Atlantic's claims are subject in whole or in part to setoff.

### SIXTH DEFENSE
### (Laches/Statute of Limitations)

Atlantic's claims are barred in whole or in part to by applicable statutes of limitations or the doctrine of laches.

## SEVENTH DEFENSE
### (Conditions Precedent)

Atlantic has failed to satisfy conditions precedent to bringing its counterclaim (e.g., the timely provision of alleged charges, the maintenance of an appropriate account and provision of a proper accounting, the proper handling of trust funds, etc.)

## EIGHTH DEFENSE
### (Payment)

Plaintiffs/Counter-Defendants have paid substantial amounts to Atlantic, amounts adequate to satisfy any amounts properly asserted against Plaintiffs/Counter-Defendants by Atlantic under the GAI, the Trust Agreement, and the Counterclaim.

## NINTH DEFENSE
### (Prior Breach and Unclean Hands)

Atlantic's action is barred in whole or in part by its prior breaches and unclean hands as more fully set forth in the Complaint.

Plaintiffs/Counter-Defendants further refer to the allegations of the Complaint in support of their defenses to the Counterclaim.

Plaintiffs/Counter-Defendants reserve the right to further supplement these defenses as discovery uncovers other possible defenses. Plaintiffs/Counter-Defendants deny all allegations of the Counterclaim.

## JURY TRIAL DEMAND ON COUNTERCLAIM

Plaintiffs/Counter-Defendants hereby assert their demand for a jury trial on all Counterclaim issues so triable. (Plaintiffs/Counter-Defendants previously timely asserted and reaffirm their right to a jury trial on all Complaint and Counterclaim issues so triable.)

Dated:  December 18, 2007

       Respectfully submitted,

      /s/ Craig A. Holman
      Craig A. Holman (D.C. Bar No. 447852)
      Cameron W. Fogle (D.C. Bar No. 473380)
      ARNOLD & PORTER, LLP
      55 Twelfth Street, N.W.
      Washington, D.C.  20004
      Tel: (202) 942-5000/Fax: (202) 942-5722

      *Counsel for HRGM Corporation and*
      *Ramesh Butani and Hansa Butani*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the First Amended Answer To Counterclaim to be served by electronic mail this 21st day of December 2007 on:

Craig D. Roswell<br>
Niles, Barton & Wilmer, LLP<br>
111 South Calvert Street<br>
Suite 1400<br>
Baltimore, Maryland 21202

    /s/ Craig A. Holman
Craig A. Holman